UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

KATHLEEN BLAIR HUMPHREY,            No. 7-13-13349 TA

    Debtor.

JULIE BROWN, as Conservator,

    Plaintiff,

v.            Adv. No. 14-01024 T

KATHLEEN BLAIR HUMPHREY,

    Defendant.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on the Defendant's motion to dismiss the adversary proceeding because the complaint was not filed by the deadline set forth in the Bankruptcy Code. As set forth below, the motion will be converted to a motion for summary judgment and the Defendant will be given additional time to file affidavits and documents in support of her position if she desires. In addition, the Court notifies the parties that, after the Defendant files any supplemental documents in support of her position, the Court will consider, among other options, whether it would be appropriate to grant summary judgment in Plaintiff's favor on the timeliness issue, pursuant to Fed.R.Civ.P. 56(f).

I.     FACTS

For the limited purpose of ruling on the motion to dismiss, the Court finds the following facts, based on the motion to dismiss, the response and attached supporting documents, and by taking judicial notice of the docket in main bankruptcy case and this adversary proceeding:

Kathleen Blair Humphrey ("Defendant") filed the associated chapter 7 bankruptcy case on October 11, 2013 (the "Petition Date"). As required, Defendant provided a list of creditors and other parties in interest. Included in the list was Newton Wheat ("Wheat"), shown as Defendant's non-filing spouse. Defendant did not list Wheat as a creditor in Schedules D-F, although in this adversary proceeding Wheat asserts claims against the Defendant in excess of $287,000.

Wheat lives in an assisted living facility in Reno, Nevada. He was judged incompetent by a New Mexico state court in on June 20, 2013, in the case of *In re the Guardianship of and Conservatorship for Newton L. Wheat,* No. PQ 2013-00010, pending in the Second Judicial District Court, State of New Mexico (the "Guardianship Action"). Defendant commenced the Guardianship Action by on April 11, 2013, asking the state court to appoint her as Wheat's conservator and guardian. Wheat's daughter, Julie Brown ("Plaintiff"), became involved in the Guardianship Action, and the court ultimately appointed Plaintiff as Wheat's guardian and conservator. Defendant was aware of all actions taken in the Guardianship Action including the appointment of Plaintiff as Wheat's guardian and conservator.

On the Petition Date, Wheat and Plaintiff resided in Nevada. In her initial filings, Defendant gave as Wheat's address the Five Star Premier Residence, 3201 Plumas Street, Reno, NV 89509, which is the address of the assisted living facility where Wheat now lives. Defendant did not provide Plaintiff's name and address, even though Defendant knew Plaintiff had been appointed Wheat's guardian and conservator.

On October 11, 2013, the Court Clerk issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, using Official Form 9A (the "Bankruptcy Notice"). The Bankruptcy Notice stated that the deadline to object to the Debtor's discharge or to challenge the

dischargeability of certain debts was January 13, 2014. The Clerk's office mailed the Bankruptcy Notice to Wheat at his Reno, Nevada assisted living facility address. No Notice was mailed to Plaintiff by the Clerk's office.

On March 11, 2014, Plaintiff commenced this adversary proceeding by filing a Complaint to Determine Dischargeability of Debts and for Denial or Revocation of Discharge, doc. 1. (the "Complaint").

On April 22, 2014, Defendant filed a Motion to Dismiss, doc. 5 (the "Motion to Dismiss"). Plaintiff responded to the Motion to Dismiss on May 6, 2014, doc. 9 (the "Response"). Defendant did not file a reply in support on her Motion to Dismiss. However, on May 8, 2014, Defendant filed an answer to the Complaint and included the timeliness issue as an affirmative defense.

The basis for the Motion to Dismiss is that Plaintiff missed the January 13, 2014 deadline for filing discharge and nondischargeability litigation. Plaintiff does not dispute that her complaint was filed late. She argues, however, that she may pursue the proceeding because she did not get notice of the bankruptcy case filing until February 2014, after the deadline for filing § 523(a) and § 727[1] proceedings had expired.

### III. DISCUSSION

A. <u>Procedural Posture of the Motion to Dismiss</u>. The Motion to Dismiss is silent about which rule of civil procedure applies. It seems fairly clear, however, that motions to dismiss based on alleged statute of limitations defenses are brought under Fed.R.Civ.P. 12(b)(6).[2] *See, e.g., Braxton v. Zavaras,* 614 F.3d 1156, 1159 (10th Cir. 2010) ("We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations"). It is

---

[1] Unless otherwise noted, all statutory references are to 11 U.S.C.
[2] Applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b).

-3-

acceptable practice in the Tenth Circuit to bring statute of limitations issues before the Court as 12(b)(6) motions to dismiss. *See, e.g., Glaser v. City and County of Denver, Colo.,* 2014 WL 308552, at *6 (10th Cir. 2014).

The Plaintiff attached several documents to her Response to the Motion to Dismiss, including:

- The Affidavit of Julie Brown in Opposition to Defendant's Motion to Dismiss;
- The Judgment Appointing Guardian and Conservator;
- Letters of Full Conservatorship;
- Acceptance of Court Appointed Conservatorship;
- Letters of Full Guardianship;
- Acceptance of Court Appointed guardianship; and
- The Affidavit of Barbara V. Johnson in Opposition to Defendant's Motion to Dismiss

Response, Exhibits 1-4.

Fed. R. Civ. P. 12(d) provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all of the material that is pertinent to the motion.

The extra-pleading materials can be submitted by either the plaintiff or the movant. *See* 5C Wright & Miller, Federal Practice & Procedure Civ., § 1366, n. 11 (3d ed.) ("Either the pleader or the moving party or both may bring the conversion provision into operation by submitting matter that is outside the challenged pleading, as courts in every circuit have recognized.") (citations omitted).

-4-

Case 14-01024-t   Doc 14   Filed 07/03/14   Entered 07/03/14 14:59:33 Page 4 of 10

When ruling on Rule 12(b)(6) motions Courts have broad discretion to determine whether to consider materials other than the pleadings. *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M.,* 2010 WL 965517, at *4 (D.N.M. 2010), citing *Dobson v. Anderson,* 319 Fed. Appx. 698, 702 (10th Cir. 2008). *See also Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998). *See generally* 5C Wright & Miller, Federal Practice & Procedure Civ., § 1366, n. 17 (3d ed.).

Once outside materials are considered, the motion automatically becomes a motion for summary judgment. *See Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs,* 374 Fed. Appx. 821, 826 (10th Cir. 2010) (unpublished); *Alexander v. Oklahoma,* 382 F.3d 1206, 1214 (10th Cir. 2004).

The Court concludes it should consider the documents attached to the Response. Doing so will convert the Motion to Dismiss to a motion for summary judgment. The Court will give Defendant 21 days after the entry of this Memorandum Opinion to file documents in support of her position of the issue of the timeliness of the Complaint. *See e.g., Christensen,* 374 Fed. Appx. at 826 (when a conversion occurs to a motion for summary judgment, the court must provide the parties with notice so all factual allegations may be met with countervailing evidence); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (conversion of motion to dismiss to motion for summary judgment should be done with great caution).

B.   <u>Deadline to File Discharge/Nondischargeability Actions</u>.   The deadline to file complaints objecting to a debtor's discharge is set out in Fed.R.Bankr.P. 4004(a):

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).
>
> …

-5-

At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Similarly, Fed.R.Bankr.P. 4007(c) sets the deadline to file complaints to determine whether certain debts are nondischargeable:

Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Under these rules, the deadline for Plaintiff to file her complaint was January 13, 2104. Plaintiff missed this deadline by about two months.

C. <u>Proper Service of the Notice of Bankruptcy</u>. When a bankruptcy case is filed, the debtor must file a list of creditors. § 521(a)(1)(A). Section 342(a) provides:

(a) There shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title;

Fed.R.Bankr.P. 2002(f) provides in part:

Except as provided in subdivision (*l*) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of:

(1) the order for relief;
…
(4) the time fixed for filing a complaint objecting to the debtor's discharge pursuant to § 727 of the Code as provided in Rule 4004;
(5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007 . . . .

Here, a list of creditors was filed and it included Wheat at his present address. The Clerk sent the Bankruptcy Notice as required.

-6-

D. <u>Service on Incompetent Persons</u>. Fed.R.Bankr.P 1007(a)(1) requires the debtor to file a list containing the name and address of each entity included or to be included on Schedule D (Secured claims); E (Priority Claims); F (General unsecured claims); G (executory contracts and unexpired leases; or H (codebtors). Fed.R.Bankr.P. 1007(m) provides:

> If the debtor knows that a person on the list of creditors or schedules is an infant or incompetent person, the debtor also shall include the name, address, and legal relationship of any person upon whom process would be served in an adversary proceeding against the infant or incompetent person in accordance with Rule 7004(b)(2).

Fed.R.Bankr.P. 7004(b)(2) provides for service:

> (2) Upon an infant or an incompetent person, by mailing a copy of the summons and complaint to the person upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state. The summons and complaint in that case shall be addressed to the person required to be served at that person's dwelling house or usual place of abode or at the place where the person regularly conducts a business or profession.

Nevada Rule of Civil Procedure 4(d)(4) requires that service be made:

> If against a person residing within this state who has been judicially declared to be of unsound mind, or incapable of conducting his or her own affairs, and for whom a guardian has been appointed, to such person and also to his or her guardian.[3]

There is some question whether Wheat is among the persons within the scope of Bankruptcy Rule 1007(m), since he was added to the initial list as a non-filing spouse, rather than as a creditor, co-debtor, or contracting party. The Court holds that the intent of Rule 1007(m) is to include everyone on the initial list of creditors, including non-filing spouses.

Furthermore, "Service of process must satisfy both the statute under which service is effectuated and constitutional due process." *In re Karbel,* 220 B.R. 108, 112 (10th Cir. BAP 1998), citing *Ackermann v. Levine,* 788 F.2d 830, 838 (2d Cir. 1986). *See also Montoya v.*

---

[3] New Mexico's rule also requires service on the conservator or guardian. Rule 1-004(I), New Mexico Rules of Civil Procedure for the District Courts.

*Moreno (In re Moreno),* 2012 WL 5614089, at *1 (Bankr. D.N.M. 2012) (citing and quoting *Karbel*). Reasonable notice sufficient to satisfy constitutional due process has been defined by the United States Supreme Court as "notice reasonably calculated under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The totality of the circumstances should be examined to determine whether notice was reasonable. *In re Marino,* 195 B.R. 886, 895 (Bankr. N.D. Ill. 1996) citing *People ex rel. Hartigan v. Peters,* 871 F.2d 1336, 1340 (7th Cir.1989).

Here, given the evidence that the Defendant commenced the Guardianship Action, alleged Wheat's incompetence, and knew about Plaintiff's appointment as Wheat's guardian and conservator, Defendant's failure to serve Plaintiff with the Bankruptcy Notice or even list her as an interested party may well have violated Wheat's constitutional due process rights. Notice only to Wheat at the assisted living facility address and not the legal representative responsible for his affairs may not have been reasonable notice under the circumstances of this case. Under the totality of the circumstances, notice was not reasonably calculated to apprize interested parties of the pendency of this case.

  E. <u>Effect of Improper Bankruptcy Notice on the Deadline</u>.

    1. <u>Section 523 Nondischargeability Actions</u>. The following debts are not discharged even if the 60-day deadline under Fed.R.Bankr.P. 4007(c) is missed, pursuant to § 523(3):

> [debts that are]
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> …

-8-

Case 14-01024-t    Doc 14    Filed 07/03/14    Entered 07/03/14 14:59:33 Page 8 of 10

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

In addition to this statutory exception, equitable principles such as waiver, estoppel, and equitable tolling can be used to preserve nondischargeability claims that otherwise would be barred by the statutory deadline. *See McNaughton v. Maytorena (In re Maytorena),* 2011 WL 5509194, at *6 (Bankr. D.N.M. 2011) (collecting cases). Thus, if the Court determines that service of the Bankruptcy Notice was defective and that Plaintiff had no actual notice of the bankruptcy case, any § 523(a)(2), (4), and/or (6) claims Plaintiff has would be nondischargeable.

2. <u>Section 727 Discharge Actions</u>. There is no similar statutory exception for missing the deadline to file § 727 proceedings. However, the equitable principles discussed above apply with equal force to § 727 actions. *See e.g., Nardei v. Maughan (In re Maughan),* 340 F.3d 337, 341 (6th Cir. 2003) (Bankruptcy Rules 4004(a) and 4007(c), setting deadlines to file § 727 and § 523 complaints, are not jurisdictional in nature but instead establish only filing deadlines that are subject to equitable tolling). *See also Maytorena,* 2011 WL 5509194, at *6 (deadline to file discharge objection is not jurisdictional and therefore is subject to equitable principles such as waiver, estoppel, and equitable tolling). Here, at a minimum, Plaintiff has raised fact issues about whether her late filed § 727 action can be heard because notice was improper.

G. <u>Notice to the Parties That Court Will Consider Partial Summary Judgment in Plaintiff's Favor Under Rule 56(f)</u>.

After reviewing any documents and/or further argument submitted by the Defendant, the Court will consider, inter alia, whether to deny summary judgment on the timeliness issue, grant Defendant summary judgment, or grant Plaintiff summary judgment based on her argument of

failure of proper notice. *See* Fed.R.Civ.P. 56(f) (After notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant. . . .").

IV. CONCLUSION

The Court will consider the documents attached to Plaintiff's Response, and therefore the Motion to Dismiss will be converted to a motion for summary judgment. Defendant will be given 30 days to file a reply in support of her position on the statute of limitations issue. After any reply has been submitted, the Court will consider whether to grant Defendant's summary judgment motion, deny the motion, or grant summary judgment on the statute of limitation issue in Plaintiff's favor.

A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 3, 2014.

Copies to:

George M Moore
Moore, Berkson & Gandarilla, P.C.
3800 Osuna Rd NE, Ste. #2
Albuquerque, NM 87109

Steve Mazer
2501 Yale Blvd SE, Ste. 204
Albuquerque, NM 87106-4357